HORTON, J.,
dissenting.
I respectfully dissent. In my view, this case turns on statutory interpretation, rather than jealous protection of judicial prerogatives. The citizens of this State resolved the separation of powers question in 1978 when they ratified the amendment to Article V, section 13 of the Idaho Constitution to pro *382 vide that “the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.” The question presented by this appeal is whether Idaho Code section 18-8311 reflects legislative intent to impose mandatory minimum sentences upon those who violate SORA.
A “sentence” is “[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted.” Black’s Law Dictionary 1222 (5th ed.1979). As such, a sentence encompasses more than simply the period of incarceration in jail or prison that may be ordered as a consequence of a criminal conviction. Rather, it includes all consequences of the conviction, which would most commonly include such things as fines and license suspensions.
As it relates to persons required to register as sex offenders, beyond imprisonment and fines, Idaho Code section 18-8311(1) specifies an additional consequence of violating SORA: “If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation [of SORA], the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender’s original sentence.”
For probationers, this additional consequence of a conviction for a violation of SORA has two components: revocation of probation and the requirement that “the penalty for violating [SORA] shall be served consecutively to the offender’s original sentence.” (emphasis added).
Two statutes govern revocation of probation. Idaho Code section 19-2603 explains the effect of revocation of probation: “the original judgment shall be in full force and effect and may be executed according to law.” Likewise, Idaho Code section 20-222(2)[2] provides that the effect of revocation is to “cause the sentence imposed to be executed.” In addition to requiring that the probation be revoked, with the result that the previously suspended sentence is placed into execution, Idaho Code section 18-8311(1) requires that the period of imprisonment for the new substantive offense be served consecutively to the previously suspended original sentence.
The use of the word “original” reflects that the sentencing court is without authority to modify the previously suspended sentence. Further, it is impossible to serve a period of incarceration consecutively to a suspended sentence of incarceration because — by its very nature — a suspended sentence of incarceration means that the defendant is not, and may never be, confined to serve his or her sentence. The only manner in which the express directive of the statute may be given effect is to order the previously suspended sentence into effect — without reduction or suspension.
*383 For these reasons, I conclude that the Legislature’s exercise of the power granted to it by the people of this state nearly forty years ago dictates the conclusion that the district court erred by retaining jurisdiction and subsequently suspending Olivas’ sentence for sexual abuse of a child. Accordingly, I dissent.

. At the time of Olivas’ offense, Idaho Code section 20-222(2) provided:
At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.
1947 Idaho Sess. Laws ch. 53, § 22, p. 64. Last year, this subsection was amended to provide:
At any time during probation or suspension of sentence, the court may issue a warrant for
violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction. In making a determination to continue or revoke probation and suspension of sentence, the court shall consider the defendant’s risks and needs and options for treatment in the community.
2014 Idaho Sess. Laws ch. 150, § 11, p. 424. This amendment is not material to our analysis.